IRELL & MANELLA LLP
Layn R. Phillips (103854)
lphillips@irell.com
Andra Barmash Greene (123931)
agreene@irell.com
Wendy Sugg (223335)
wsugg@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Defendant
KFC U.S. PROPERTIES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KENNY ARCHILA, individually, and on behalf of all other similarly situated current and former employees of KFC U.S. Properties, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> KFC U.S. PROPERTIES, INC., a Delaware corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 2:09-cv-0107 R (FMOx) <br><br> Hon. Manuel L. Real; <br>(Magistrate Judge Fernando M. Olguin) <br><br> **PROTECTIVE ORDER** <br><br> PROPOSED CLASS ACTION <br><br> On removal from California Superior Court for the County of Los Angeles Case No. BC 399890 <br><br> Trial Date:  August 11, 2009 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2067071 02

1    Based on the Stipulation and [Proposed] Protective Order signed by the

2 parties on May 27, 2009, it is hereby ORDERED that:

3    1.    Any person who produces or receives materials in the Action (*Archila,*

4 *et al. v. KFC US Properties, Inc., et al.*, Case No. 2:09-cv-0107-R (FMOx))

5 (including writings, as defined at Federal Rule of Evidence 1001, and/or things)

6 through the discovery provisions of the Federal Rules of Civil Procedure may

7 designate as "confidential" such materials as the person ("Designating Party")

8 believes in good faith and after reasonable inquiry, contain trade secrets, proprietary

9 business information, or information subject to a legally protected right of privacy

10 such as, without limitation, personnel and payroll information ("Confidential

11 Material").

12    2.    All materials produced in this action that have not previously disclosed

13 to the public shall be considered Confidential Material in this matter.  It shall not be

14 necessary to separately mark or identify Confidential Materials as such.  Unless the

15 Designating Party identifies material as having been produced to the public, all

16 materials produced will be assumed to be Confidential Materials.

17    3.    If a Designating Party determines that a document or thing it designated

18 as Confidential Material does not qualify for protection, the Designating Party must

19 promptly notify the party in receipt of the document or thing that it is withdrawing

20 the mistaken designation.

21    4.    Material designated as Confidential Material shall be subject to this

22 Stipulation until and unless the Designating Party subsequently permits or allows its

23 disclosure, or the Court or an officer of the Court designated by the Court to hear

24 discovery matters in the Action shall order otherwise.

25    5.    All information designated by a Designating Party as Confidential

26 Material in accordance with this Stipulation shall be used solely for prosecuting,

27 defending, or attempting to settle the Action.  It may not be used for any business or

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2067071 02

- 1 -

[PROPOSED] PROTECTIVE ORDER
Case No. 2:09-cv-0107 R (FMOx)

1  commercial purpose or for any other litigation or any alternative dispute resolution

2  procedure not related to the Action.

3       6.     No party shall disclose any Confidential Material to the general public

4  or to any person, except (i) any individual who is a party of record in the Action as

5  of the date of entry of this Order, (ii) any officer, director, trustee, in-house counsel,

6  or employee of a party of record who is actively assisting in the preparation and trial

7  of the Action, (iii) outside counsel of record, its employees providing active

8  assistance with the Action (including law clerks, legal assistants, technical

9  assistants, secretaries and clerks of such counsel) and any outside vendors utilized

10  by outside counsel of record in connection with the Action, (iv) expert witnesses and

11  consultants engaged to assist counsel in the defense or prosecution of the Action,

12  and (v) during the course of a deposition, to a person whose deposition is being

13  taken.  The parties agree to take all necessary and reasonable steps to prevent the

14  unauthorized disclosure of Confidential Material and shall require that recipients of

15  Confidential Material sign Exhibit A to this Stipulation as provided in ¶ 8.

16       7.     Confidential Material may also be disclosed to (1) any person testifying

17  at a deposition, hearing or at trial of the Action; (2) any court reporter acting in that

18  capacity in the Action; or (3) the Court without need for a written

19  acknowledgement, as provided in ¶ 8.  Additionally, the Court and its personnel

20  shall be exempt from any liability arising from this Stipulation and Order thereon.

21       8.     In the event that a party does disclose Confidential Material to any

22  person as permitted in ¶ 6 above, the disclosing party agrees to secure from such

23  person a signed written acknowledgment (the "Acknowledgment") confirming that

24  such person knows the terms of this Stipulation and that such person agrees to be

25  bound by the terms of this Stipulation, and that such person agrees to submit his or

26  her person to the jurisdiction of the above-entitled Court for the purpose of securing

27  compliance with the terms of this Stipulation. The parties agree to secure the

28  executed Acknowledgment before disclosing Confidential Material.  The parties

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

[PROPOSED] PROTECTIVE ORDER
Case No. 2:09-cv-0107 R (FMOx)

2067071_02                                   - 2 -

1  agree that the Acknowledgment shall be in the form attached to this Stipulation as

2  Exhibit A.  The parties further agree to retain such Acknowledgments and to submit

3  them to the Court for *in camera* review in the event that a party alleges that the

4  terms of this Stipulation have been violated.  Neither party has an obligation to

5  reveal directly to the other the identities of persons who execute written

6  Acknowledgements.

7       9.     Except as provided in Paragraph 9(C) below, if at any time during this

8  litigation a party ("Objecting Party") disputes the confidentiality of material

9  designated as Confidential Material, the Objecting Party shall notify the Designating

10 Party in writing of such dispute on or before June 22, 2009.  The Objecting Party's

11 notice shall identify the material in dispute and shall explain the basis for the

12 disputed designation.  Within four (4) days of receiving the Objecting Party's notice,

13 the Designating Party shall meet and confer with the Objecting Party to attempt to

14 resolve the disputed designation.  If the parties cannot resolve the disputed

15 designation, then the following procedure shall apply:

16      A)    If the material designated as Confidential Material originated from a

17             personnel file or contains financial information including, without

18             limitation, payroll data, or contains trade secrets, including, without

19             limitation, training materials and handbooks, then the Objecting Party

20             may move for a ruling that the material designated as Confidential

21             Material is not entitled to such status and protection.  Such motion must

22             be filed on or before June 29, 2009 for hearing by the Court on or

23             before July 20, 2009.  An opposition to such a motion shall be filed

24             within seven (7) days of service of the motion, and a reply to the

25             opposition shall be filed within seven (7) days of service of the

26             opposition.  Service under this paragraph shall be by facsimile or

27             overnight mail next day delivery.  The Objecting Party shall bear the

28             burden of showing that the designation as Confidential Material is not

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2067071_02

[PROPOSED] PROTECTIVE ORDER
Case No. 2:09-cv-0107 R (FMOx)

1      warranted.  Until the Court rules on the motion regarding the disputed

2      designation, the material shall be treated as Confidential Material.

3  B)  If the material designated as Confidential Material did not originate

4      from a personnel file or does not contain financial information

5      including, without limitation, payroll data, or contains trade secrets,

6      including, without limitation, training materials and handbooks, then

7      the Designating Party may move for a ruling that the material

8      designated as Confidential Material is entitled to such status and

9      protection.  Such motion must be filed on or before June 29, 2009 for

10     hearing by the Court on or before July 20, 2009.  An opposition to such

11     a motion shall be filed within seven (7) days of service of the motion,

12     and a reply to the opposition shall be filed within seven (7) days of

13     service of the opposition.  Service under this paragraph shall be by

14     facsimile or overnight mail next day delivery.  The Designating Party

15     shall bear the burden of showing that the designation as Confidential

16     Material is warranted.  Until the Court rules on the motion regarding

17     the disputed designation, the material shall be treated as Confidential

18     Material.

19  C)  For materials designated as Confidential Material produced after June

20     22, 2009, the Objecting Party shall notify the Designating Party within

21     four (4) days of receipt of such materials of a dispute with respect to a

22     confidentiality designation.  Within four (4) days of receiving the

23     Objecting Party's notice, the Designating Party shall meet and confer

24     with the Objecting Party in order to attempt to informally resolve this

25     dispute.  The last day for the Court to hear a motion concerning a

26     confidentiality designation under this subsection shall be August 3,

27     2009, or forty-five (45) days before any continued trial date (if the

28     Court continues it), whichever is later.  Nothing in this paragraph shall

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2067071 02

[PROPOSED] PROTECTIVE ORDER
Case No. 2:09-cv-0107 R (FMOx)

- 4 -

1    be construed as any agreement by the parties that any continuation of

2    the trial date is warranted or that any materials need be produced after

3    the close of discovery in this Action.

4          10.    The parties agree that neither plaintiffs nor defendants are required to

5    file pleadings and other papers submitted to the Court in this action under seal,

6    except that the parties agree that any Confidential Material, or any portion thereof,

7    quoted therein or appended thereto, shall be submitted to the Court under seal.  The

8    Court hereby authorizes the filing of Confidential Material under seal without any

9    further Court action being required by the parties.

10          11.    If a party is served with a subpoena or an order issued by another court

11    in other litigation that would compel disclosure of any information or items

12    designated in the Action as Confidential Material, the party receiving the subpoena

13    or order must notify, in writing, the Designating Party immediately and in no event

14    more than three court days after receiving the subpoena or court order.  Such

15    notification shall include a copy of the subpoena or court order.  Additionally, the

16    party receiving the subpoena or court order shall immediately inform, in writing, the

17    party who caused the subpoena or order to issue in the other litigation that some or

18    all of the material covered by the subpoena or court order is the subject of this

19    Stipulation and shall deliver a copy of this Stipulation promptly to the party in the

20    other action that caused the subpoena or court order to issue.  The purpose of

21    imposing these duties is to alert all interested parties to the existence of this

22    Stipulation and to afford the Designating Party an opportunity to protect its

23    confidentiality interest in the court from which the subpoena or order issued.  The

24    Designating Party shall bear the burdens and expenses of seeking protection in the

25    court from which the subpoena or order issued.  Nothing in this Stipulation should

26    be construed as authorizing or encouraging a party receiving a subpoena or order

27    requesting Confidential Material to disobey a lawful directive from another court.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

[PROPOSED] PROTECTIVE ORDER
Case No. 2:09-cv-0107 R (FMOx)

2067071 02

12.     This Stipulation shall remain in full force and effect at all times during which any party to this Stipulation or any person having executed the Acknowledgment described in ¶ 8 above retains in his, her, or its possession, custody or control any Confidential Material.

13.     Within sixty (60) days after the conclusion of the Action and with notice from the respective producing party, all originals and all copies of materials designated as Confidential Material, and, other than attorney work product, any notes, summaries, abstracts or portions of any such materials, including copies given to any expert or other person pursuant to this Order, shall be returned to the producing party or shall be destroyed.  Counsel or other affected persons shall provide written confirmation of the materials' destruction.  This provision shall not apply to court filings or file copies of pleadings, briefs or correspondence maintained by the parties' respective counsel in the ordinary course of business.

14.     This Stipulation is without prejudice to the right of any party to move the Court for an order for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Stipulation, and such right is expressly reserved.  Similarly, each party expressly reserves the right at any time to request the Court to authorize disclosure other than contemplated hereunder of materials subject to this Stipulation.

15.     This Stipulation is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not relevant to any issue in this litigation, and such right is expressly reserved. Any designation of materials as confidential pursuant to this Stipulation shall not be construed as an admission of relevance.

Dated:  May 28, 2009

_____
Hon. Manuel L. Real
United States District Judge

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

[PROPOSED] PROTECTIVE ORDER
Case No. 2:09-cv-0107 R (FMOx)

2067071_02

1  **EXHIBIT A**

2

3  UNITED STATES DISTRICT COURT

4  CENTRAL DISTRICT OF CALIFORNIA

5  WESTERN DIVISION

6  KENNY ARCHILA, individually, and )   Case No. 2:09-cv-0107 R (FMOx)
   on behalf of all other similarly situated )
7  current and former employees of KFC )   Hon. Manuel L. Real;
   U.S. Properties, Inc., )   (Magistrate Judge Fernando M. Olguin)
8  )
   Plaintiffs, )
9  )   **CONFIDENTIALITY**
   )   **ACKNOWLEDGEMENT**
10 vs. )
   )   PROPOSED CLASS ACTION
11 KFC U.S. PROPERTIES, INC., a )
   Delaware corporation; and DOES 1 )   On removal from California Superior
12 through 100, inclusive, )   Court for the County of Los Angeles
   )   Case No. BC 399890
   Defendants. )
13 )
   )
14 )   Trial Date:   August 11, 2009

15

16

17      This is to certify I have read the Protective Order entered in the above-entitled

18 matter and agree (a) to be bound by the terms and conditions listed therein; and

19 (b) to be subject to the jurisdiction of the Court and any sanctions imposed by the

20 Court in the event the Court determines I have violated the Protective Order.

21

22

23 Dated: _____       _____
                              Signature

24

25                            _____
                              Print Name

26

27

28